■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE EDWARDS, Appellant. [722 NYS2d 263] —Appeal by the defendant from two judgments of the County Court, Nassau County (Kowtna, J.), both rendered November 10, 1998, convicting him of burglary in the second degree under S.C.I. No. 2768/98 and criminal possession of stolen property in the

fifth degree under S.C.I. No. 2769/98, upon his pleas of guilty, and imposing sentences. Assigned counsel submitted a brief in accordance with *Anders v California* (386 US 738) in which she moved to be relieved of the assignment to prosecute this appeal. By decision and order of this Court dated June 19, 2000, the motion was granted, new counsel was assigned, and counsel was directed to serve and file a new brief raising issues as to whether the defendant should have been given the opportunity to withdraw his plea. New counsel has submitted a motion raising the sole argument that the sentence imposed upon the defendant's conviction for burglary in the second degree is excessive.

Ordered that on the Court's own motion, Leon H. Tracy, 366 N. Broadway, Suite 410, Jericho, New York 11753-2826 is relieved as attorney for the defendant, and he is directed to turn over all papers in his possession relating to the appeals from the judgments to new counsel assigned herein; and it is further,

Ordered that Andrew MacAskill, 111 Route 110, Suite 317, Farmingdale, New York 11735, is assigned as counsel to perfect the appeals from the judgments; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order, and the appeals are held in abeyance in the interim.

Since assigned counsel failed to raise, at least, the issue delineated by this Court in its order dated June 19, 2000, as to whether the defendant should have been given the opportunity to withdraw his plea after the court failed to impose the sentences, represented at the time of the pleas as being the maximum sentences which would be imposed (*see, Santobello v New York,* 404 US 257; *People v Selikoff,* 35 NY2d 227, 239, *cert denied* 419 US 1122), these appeals must be held in abeyance in order to permit new counsel to address the issue.

Under the circumstances, assigned counsel is relieved and new appellate counsel is assigned (*see, People v Casiano,* 67 NY2d 906). Bracken, P. J., S. Miller, Florio and Luciano, JJ., concur.